IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant.<br>_____/ | No. C-12-01295-DMR<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* & DISMISSING CASE** |

   Plaintiff, proceeding *pro se*, brings this action against the United States pursuant to the Equal Protection Clause of the Fourteenth Amendment. Plaintiff moves to proceed *in forma pauperis*. The court GRANTS Plaintiff's motion. However, for the reasons discussed below, the court DISMISSES the case.

## I. BACKGROUND

   Plaintiff filed the current action against the United States on March 14, 2012, along with an application to proceed *in forma pauperis*. [Docket Nos. 1, 2.] His requests that the court pass a law extending citizenship to all individuals located within the borders of the United States who submit an application and pass "a psycho-political litmus test." (*See* Compl.) Plaintiff contends that the Equal Protection Clause of the Fourteenth Amendment requires such modification of the requirements for United States citizenship. (*See* Compl.)

   Defendant has not been served and therefore is not a party to the suit pursuant to 28 U.S.C. § 636(c). *See Third World Media, LLC v. Does 1-1568*, No. C-10-4470-LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011). Plaintiff has filed consent to proceed before a magistrate judge. [Docket No. 4.] Therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this matter, including the entry of judgment.

## II.  LEGAL STANDARD

Even when a court grants a plaintiff's motion to proceed *in forma pauperis*, the court must dismiss the complaint if the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). In reviewing the adequacy of a complaint under § 1915(e)(2), courts apply the same standard as Federal Rule of Civil Procedure 12(b)(6). *Moore v. Hercules Dynamite Co.*, No. 10-CV-0117, 2010 WL 3074388, at *1 (D. Nev. Mar. 15, 2010). A complaint is frivolous within the meaning of § 1915(e)(2) if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Courts must give a *pro se* litigant leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that amendment could not cure the complaint's deficiencies. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

## III.  ANALYSIS

The court must dismiss Plaintiff's complaint as frivolous because it seeks a remedy that only a legislative branch could provide. The legislative branch of government has the power to enact laws, whereas the judicial branch of government has the power to interpret laws. *See Town of Koshkonong v. Burton*, 104 U.S. 668, 678-79 (1881). Neither of these branches of the government may invade the province of the other. *Commonwealth of Mass. v. Mellon*, 262 U.S. 447, 488 (1923).

Plaintiff requests that the court pass a law to alter the requirements for United States citizenship. (Compl.) The court lacks the power to do so. Plaintiff's complaint thus lacks an arguable basis in law, and no amendment can cure this deficiency. Consequently, the court must dismiss the complaint.

## IV.  CONCLUSION

The court GRANTS Plaintiff's application to proceed *in forma pauperis* and DISMISSES his complaint with prejudice.

IT IS SO ORDERED.

Dated: April 25, 2012



_____
DONNA M. RYU
United States Magistrate Judge

2